(No. 80-CC-1581—)

ALLIED MILLS, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed August 21, 1981.*

GAGEN & SCHULTE, for Claimant.

TYRONE C. FAHNER, Attorney General (ANDREW R. JARETT, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This cause coming to be heard on the joint stipulation (a copy of which is attached to this order) of the parties hereto to the entry of an award herein, and the Court being fully advised in the premises:

It is hereby ordered that the joint stipulation of the parties asking for the entry of an award in the amount of two thousand nine hundred sixty dollars and seventy five cents ($2,960.75) be, and the same is hereby granted, all matters in controversy having been fully settled, adjusted and compromised.

JOINT STIPULATION

Now comes the Respondent, by its attorney, Tyrone C. Fahner, Attorney General of Illinois, and the Claimant, Allied Mills, Inc., by its attorney, Franklin C. Gagen, and jointly stipulated as follows:

1. That this claim arises out of snow removal operations carried out between January 24 and February 7, 1979, by the State of Illinois, and acting through its employees and agents.

2. That Claimant owns an experimental research farm situated near the town of Libertyville, Illinois, lying

generally south of Illinois Highway 60 on the north and west of Illinois Highway 21 (Milwaukee Avenue).

3. That at or about the east property line of Claimant's property, there is a chain link fence lying parallel to Milwaukee Avenue, a distance of approximately one mile.

4. That during aforesaid snow removal operations, the State of Illinois, acting through its employees and agents, damaged the chain link fence.

5. That both parties agree that the incident caused the Claimant to suffer damages in the amount of $2,960.75.

6. That both parties agree to the granting of an award in the amount of $2,960.75 to Claimant and that said award will constitute full and final satisfaction of the claim herein.

7. That Claimant, in receiving the above award, agrees to relinquish and waive any right to additional damages from respondent incurred from the damage to the fence which is the subject of this claim.

8. That Claimant, by its acceptance of the above award, furthermore releases Respondent from any further liability arising on of or account of the aforesaid damage to the fence as alleged in paragraphs one through four.

9. That no other evidence, oral or written, will be presented to the Court in this claim.

10. That both parties waive hearing and the filing of briefs.

Wherefore, Respondent and Claimant hereby agree to the entry of an award in the amount of $2,960.75 (two thousand nine hundred sixty dollars and seventy five cents).